T.C. Memo. 2000-289

UNITED STATES TAX COURT

JIM L. WESTLING, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 649-98.                    Filed September 15, 2000.

Steven R. Stolar and Kristina S. Keller, for petitioner.

Ric D. Hulshoff, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court to redetermine a $4,255 deficiency in his 1996 Federal income tax.  The deficiency stems from respondent's disallowance of an $18,414 deduction that petitioner claimed as a miscellaneous itemized deduction for travel expenses connected with his employment as a merchant seaman.  Petitioner ascertained the amount of that

deduction by using the full Federal per diem rates for meals and incidental expenses (M&IE rates) referenced in Rev. Proc. 96-28, 1996-1 C.B. 686 (applicable to meal and incidental expenses paid by an employee for travel while away from home after March 31, 1996), and Rev. Proc. 94-77, 1994-2 C.B. 825 (applicable to meal and incidental expenses paid by an employee for travel while away from home after December 31, 1994). See, e.g., Rev. Proc. 96-28, sec. 4.03, 1996-1 C.B. at 688. Petitioner's actual expenses consisted solely of incidental expenses; while at work, his employer furnished him with lodging and meals at no charge.

We must decide whether petitioner may deduct the claimed amount. We hold he may not. We hold that petitioner's use of the M&IE rates is limited to the incidental expense portion of those rates and that his deductions must be determined accordingly. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the subject year, and Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Most facts were stipulated. The parties' stipulations of fact and the exhibits submitted therewith are incorporated herein by this reference. The stipulations of fact are found accordingly. Petitioner resided in Everett, Washington, when his petition was filed. He resided during the subject year in a

house that he owned in Lake Stevens, Washington,[1] paying during that year $5,882 of mortgage interest and $1,433 of real estate taxes. Lake Stevens is a city located near the Puget Sound approximately 35 miles northeast of Seattle, Washington.[2]

Petitioner's sole source of income is his wages from Silver Bay Logging, Inc. (Silver Bay), the primary office of which is in Juneau, Alaska. Silver Bay employs petitioner as the captain of its tugboat (the tugboat), the <u>Silver Bay I</u>. Petitioner pilots the tugboat transporting barges in and through the waters off, and to the various ports in and around, southeast Alaska. On the days which he works, petitioner generally must be on or around the tugboat 24 hours a day.

During 1996, petitioner worked on the tugboat a total of 307 days. Those days and the corresponding locations in which he worked were as follows:

| Dates | Days | Location |
|-------|------|----------|
| Jan. 1 through Feb. 13 | 44 | Seattle, Washington |
| Feb. 14 through Feb. 23 | 10 | Ketchikan, Alaska |

---

[1] In their stipulations of fact, the parties spell Lake Stevens with a "ph" instead of a "v". Petitioner's accountant also used that spelling on the face of petitioner's 1996 tax return. Our research, however, leads us to conclude that the preferred spelling of Lake Stevens is with a "v" instead of a "ph". We use the preferred spelling throughout this report. We note that the preferred spelling also appears in petitioner's mailing address as shown on both the notice of deficiency and his 1996 Form W-2, Wage and Tax Statement.

[2] We have taken judicial notice of this fact.

| | | |
|---|---|---|
| Feb. 24 through Feb. 25 | 2 | Klawock, Alaska |
| Feb. 26 through Feb. 27 | 2 | Juneau, Alaska |
| Feb. 28 through Feb. 29 | 2 | Gustavus, Alaska |
| Mar. 1 | 1 | Juneau, Alaska |
| Mar. 2 | 1 | Gustavus, Alaska |
| Mar. 3 through Mar. 4 | 2 | Juneau, Alaska |
| Mar. 7 through Mar. 8 | 2 | Gustavus, Alaska |
| Mar. 9 | 1 | Juneau, Alaska |
| Mar. 10 through Mar. 11 | 2 | Gustavus, Alaska |
| Mar. 12 | 1 | Juneau, Alaska |
| Mar. 13 | 1 | Ketchikan, Alaska |
| Mar. 14 through Mar. 15 | 2 | Sitka, Alaska |
| Mar. 16 through Mar. 17 | 2 | Juneau, Alaska |
| Mar. 18 through Mar. 19 | 2 | Sitka, Alaska |
| Mar. 20 through Mar. 21 | 2 | Ketchikan, Alaska |
| Mar. 22 through Mar. 25 | 4 | Sitka, Alaska |
| Mar. 26 | 1 | Ketchikan, Alaska |
| Mar. 27 through Apr. 3 | 8 | Seattle, Washington |
| Apr. 4 through Apr. 6 | 3 | Tacoma, Washington |
| Apr. 7 through Apr. 11 | 5 | Seattle, Washington |
| Apr. 12 through Apr. 15 | 4 | Juneau, Alaska |
| Apr. 16 | 1 | Wrangell, Alaska |
| Apr. 17 | 1 | Gustavus, Alaska |
| Apr. 18 through Apr. 19 | 2 | Sitka, Alaska |
| Apr. 20 through Apr. 22 | 3 | Wrangell, Alaska |
| Apr. 23 | 1 | Juneau, Alaska |
| Apr. 24 | 1 | Gustavus, Alaska |
| Apr. 25 through Apr. 26 | 2 | Juneau, Alaska |
| May 23 through May 29 | 7 | Sitka, Alaska |
| May 30 | 1 | Juneau, Alaska |
| May 31 through June 1 | 2 | Wrangell, Alaska |
| June 2 through June 3 | 2 | Juneau, Alaska |
| June 4 through June 5 | 2 | Ketchikan, Alaska |
| June 6 | 1 | Juneau, Alaska |
| June 7 | 1 | Sitka, Alaska |
| June 8 | 1 | Juneau, Alaska |
| June 9 through June 14 | 6 | Sitka, Alaska |
| June 15 through June 18 | 4 | Juneau, Alaska |
| June 19 through June 20 | 2 | Metlakatla, Alaska |
| June 21 | 1 | Juneau, Alaska |
| June 22 | 1 | Ketchikan, Alaska |
| June 23 | 1 | Metlakatla, Alaska |
| June 24 through June 26 | 3 | Ketchikan, Alaska |
| June 27 | 1 | Metlakatla, Alaska |
| June 28 | 1 | Klawock, Alaska |
| July 5 | 1 | Ketchikan, Alaska |
| July 6 through July 9 | 4 | Juneau, Alaska |

| | | |
|---|---|---|
| July 10 through July 16 | 7 | Ketchikan, Alaska |
| July 17 | 1 | Petersburg, Alaska |
| July 18 | 1 | Juneau, Alaska |
| July 19 | 1 | Sitka, Alaska |
| July 20 through July 21 | 2 | Klawock, Alaska |
| July 22 through July 23 | 2 | Ketchikan, Alaska |
| July 24 through July 25 | 2 | Juneau, Alaska |
| July 26 through July 29 | 4 | Wrangell, Alaska |
| July 30 | 1 | Klawock, Alaska |
| July 31 through Aug. 1 | 2 | Juneau, Alaska |
| Aug. 2 through Aug. 3 | 2 | Sitka, Alaska |
| Aug. 4 | 1 | Gustavus, Alaska |
| Aug. 5 through Aug. 8 | 4 | Seward, Alaska |
| Aug. 9 through Aug. 10 | 2 | Juneau, Alaska |
| Aug. 11 | 1 | Sitka, Alaska |
| Aug. 12 | 1 | Petersburg, Alaska |
| Aug. 13 | 1 | Ketchikan, Alaska |
| Aug. 14 | 1 | Juneau, Alaska |
| Aug. 15 | 1 | Ketchikan, Alaska |
| Aug. 16 | 1 | Klawock, Alaska |
| Aug. 17 | 1 | Juneau, Alaska |
| Aug. 18 through Aug. 30 | 13 | Ketchikan, Alaska |
| Sept. 13 through Oct. 11 | 29 | Ketchikan, Alaska |
| Oct. 18 | 1 | Ketchikan, Alaska |
| Oct. 19 | 1 | Klawock, Alaska |
| Oct. 20 | 1 | Juneau, Alaska |
| Oct. 21 | 1 | Klawock, Alaska |
| Oct. 22 | 1 | Juneau, Alaska |
| Oct. 23 | 1 | Gustavus, Alaska |
| Oct. 24 through Oct. 27 | 4 | Juneau, Alaska |
| Oct. 28 through Oct. 30 | 3 | Wrangell, Alaska |
| Oct. 31 | 1 | Juneau, Alaska |
| Nov. 1 | 1 | Sitka, Alaska |
| Nov. 2 | 1 | Petersburg, Alaska |
| Nov. 3 | 1 | Sitka, Alaska |
| Nov. 4 | 1 | Wrangell, Alaska |
| Nov. 5 | 1 | Klawock, Alaska |
| Nov. 6 | 1 | Juneau, Alaska |
| Nov. 7 | 1 | Gustavus, Alaska |
| Nov. 8 | 1 | Juneau, Alaska |
| Nov. 9 through Nov. 10 | 2 | Sitka, Alaska |
| Nov. 11 | 1 | Petersburg, Alaska |
| Nov. 12 through Nov. 13 | 2 | Klawock, Alaska |
| Nov. 14 | 1 | Sitka, Alaska |
| Nov. 15 | 1 | Juneau, Alaska |
| Nov. 22 through Nov. 24 | 3 | Klawock, Alaska |
| Nov. 25 | 1 | Juneau, Alaska |

| Nov. 26 | 1 | Petersburg, Alaska |
|---|---|---|
| Nov. 27 | 1 | Sitka, Alaska |
| Nov. 28 through Nov. 29 | 2 | Klawock, Alaska |
| Nov. 30 | 1 | Petersburg, Alaska |
| Dec. 1 | 1 | Sitka, Alaska |
| Dec. 2 | 1 | Wrangell, Alaska |
| Dec. 3 through Dec. 5 | 3 | Ketchikan, Alaska |
| Dec. 6 | 1 | Sitka, Alaska |
| Dec. 7 | 1 | Klawock, Alaska |
| Dec. 8 | 1 | Juneau, Alaska |
| Dec. 9 | 1 | Seattle, Washington |
| Dec. 10 | 1 | Ketchikan, Alaska |
| Dec. 11 | 1 | Seattle, Washington |
| Dec. 12 through Dec. 13 | 2 | Edward Island, Canada |
| Dec. 14 through Dec. 31 | 18 | Seattle, Washington |
| Total | 307 | |

While he was at work, Silver Bay furnished petitioner with lodging and meals at no charge. Petitioner had to and did purchase his other "personal" items. Petitioner purchased while at work incidental travel items such as hygiene products, safety equipment, float coats, work gloves, and grooming services.

Petitioner claimed on his 1996 Federal income tax return a miscellaneous itemized deduction of $18,414 for "deemed substantiated" incidental travel expenses related to his claimed employment away from home for 268 days. Petitioner has no receipts to support the amount of these expenses. He ascertained the amount by utilizing the per diem substantiation method of the applicable revenue procedures and, more specifically, the full M&IE rates for the various locations to which he had traveled on business. Petitioner reported that he had ascertained the expenses as follows:

| Area of Travel | Number Of Days | Reported M&IE Rate | Incidental Expenses |
|---|---|---|---|
| Juneau, Alaska | 103 | $80 | $8,240 |
| Gustavus, Alaska | 68 | 62 | 4,216 |
| Sitka, Alaska | 56 | 58 | 3,248 |
| Ketchikan, Alaska | 19 | 70 | 1,330 |
| Petersburg, Alaska | 14 | 62 | 868 |
| Wrangell, Alaska | 4 | 70 | 280 |
| Yakutat, Alaska | 4 | 58 | 232 |
| Total | 268 | | 18,414 |

In total, petitioner reported $18,714 of miscellaneous itemized deductions for 1996, and he claimed on his 1996 return that he was entitled to deduct $16,956 of that amount after taking into account the 2-percent floor of section 67. Respondent determined that petitioner could not deduct any of the $18,414.

OPINION

We must decide whether petitioner may deduct the cost of the incidental travel items which he purchased during the subject year while working away from his home. Petitioner argues he may. Petitioner asserts that he incurred the costs while working away from home on business. Petitioner asserts that the applicable revenue procedures dispense with the need to substantiate the amount of those costs in order to deduct them. Respondent argues that petitioner may not deduct those costs. Respondent asserts primarily that petitioner had no tax home. Respondent asserts secondly that petitioner did not prove that he actually incurred

the claimed expenses.  Respondent asserts thirdly that petitioner may not use the subject revenue procedures to ascertain the amount of his deductions because, respondent asserts, those revenue procedures do not apply when only incidental expenses are incurred.

We agree with petitioner that he is entitled to the claimed deductions, but we disagree with him as to the amount of those deductions.  We hold that petitioner's deductions are limited to the incidental expense portion of the applicable M&IE rates.  See Johnson v. Commissioner, 115 T.C. ___ (2000).  In Johnson, we considered and rejected each argument advanced by respondent here.  We held that the taxpayer, a merchant seaman similar to petitioner, could deduct the cost of his incidental travel items even though he could not establish the cost of those items by way of written documentation.  We held that the taxpayer could establish those costs by using the incidental expense portion of the applicable Federal per diem rates for meals and incidental expenses referenced in section 4.03 of Rev. Proc. 96-28, 1996-1 C.B. at 688, and its progenitors.  We held that the taxpayer could deduct those amounts because his records met as to those costs the time, place, and business purpose requirements of section 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  The taxpayer's records showed clearly: (1) The dates of his departure and return from each city that he

visited while away from home (the time requirement), (2) the cities or points of locality of travel (the place requirement), and (3) the business nexus between his employment and his travel (the business purpose requirement).  See Johnson v. Commissioner, supra.

Here, petitioner has introduced into evidence the log of the tugboat for 1996 and a schedule that lists each of the locations to which he traveled on business and the dates of that travel. Although the log and schedule are somewhat inconsistent with each other, as well as with respect to information that petitioner reported on his 1996 tax return in support of his deduction, respondent, for some unexplained reason, has conceded that petitioner traveled to each of the cities stated on that schedule and did so on the corresponding dates shown on the schedule.  We believe that the business purpose nexus between petitioner's incidental expenses and his travel is met by virtue of those documents when viewed in the context of the record at hand and conclude that petitioner has met the time, place, and business purpose requirements of section 1.274-5T(b)(2), Temporary Income Tax Regs., supra, as to the incidental expenses which he incurred during 1996.  Under the precedent of Johnson, we hold that petitioner is entitled to deduct the incidental expense portion of the applicable M&IE rates for his points of travel as set forth on his schedule.

Accordingly, to reflect those amounts,

Decision will be entered

under Rule 155.